## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:   Richard Altmiller                :        Chapter 13
                                          :
                                          :
                                          :
                                          :
              Debtor                      :        Bankruptcy No. 18-15317MDC


## ORDER

**AND NOW,** this _____ day of _____, 2021, upon consideration of the Motion to Sell Real Property filed by debtor, upon notice to all interested parties and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtor is granted permission to sell his real property located at 33 Stonybrook Drive, Levittown, PA 19055 ("Property"), for the sale price of $369,500.00, pursuant to the terms of a certain real estate agreement of sale dated as of November 2, 2020, to the buyer(s) thereunder, Shawn & Karen Oechsle ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer shall pay Specialized Loan Servicing in full according to an updated payoff figure and shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters          $_____

2. Liens paid at closing – Mortgage to Specialized Loan Servicing          $252,346.99
   \*\*\* The payoff figure listed above is subject to change\*\*\*

   The following liens shall be paid via William C. Miller, Trustee:
   Internal Revenue Service                                     $  6,733.10
   Commonwealth of PA-Dept. of Labor and Industry               $  1,392.46
   PA Department of Revenue                                     $  2,793.81

3. Real estate taxes, sewer, trash and/or other such items          $_____

4. Property repairs, if any          $_____

5. Real estate commission, at no greater than 6%          $ 33,945.00

| | | |
|---|---|---|
| 6. | Attorney's fees, if any | $_____ |
| 7. | Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement | $_____ |
| 8. | Other : | $_____ |
| | TOTAL | <u>$298,986.95</u> |

After paying all liens in full and all costs of sale, the title clerk shall pay to William C. Miller, Chapter 13 Standing Trustee, the balance of the sales proceeds, approximately <u>$40,000.00</u>, to be distributed by the standing trustee to his applicable commission, upon confirmation, in accordance with debtor's confirmed modified plan, which shall require a 100% distribution on all filed and allowed claims. The balance of funds shall be paid to the debtor.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Debtor shall not be permitted to voluntarily dismiss this case; he may, however, convert this case to one under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

**BY THE COURT**

_____
**HONORABLE MAGDELINE D. COLEMAN**
**BANKRUPTCY JUDGE**